IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, INC.; ALABAMA RIVER PULP COMPANY, INC., | ) ) ) ) | |
|      Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION 03-0264-P-L |
| AMERISURE INSURANCE COMPANY, | ) ) | |
|      Defendant. | ) | |

<u>ORDER</u>

Pending before this court are two Motions to alter or amend the September 19, 2005 Judgment entered by this court: 1) Motion to Alter or Amend Judgment filed by plaintiffs Twin City Fire Insurance Company, Inc. ("Twin City"), Alabama River Pulp Company, Inc. ("ARP"), and Hartford Casualty Insurance Company ("Hartford") (doc.96), with an Opposition thereto filed by Ohio Casualty Insurance Company ("Ohio") (doc.100), and plaintiffs' Reply (doc.101); and 2) Motion to Alter or Amend Judgment filed by Ohio (doc.97), with an Opposition thereto filed by plaintiffs (doc.99), and Ohio's Reply (doc.102). After careful consideration of all relevant matter, this court finds that the Motions to Alter or Amend Judgment (doc.96-97), are DENIED.

In this declaratory judgment action, plaintiffs claimed, in relevant part, that

1) Amerisure [Insurance Company ("Amerisure")] is the primary layer of coverage, the Ohio [P]olicy is the next layer of coverage, and the Twin City and Hartford policies are in excess to those, and after the exhaustion of Amerisure's coverage and its payment of one-half of the defense costs incurred, Ohio is liable for the remainder of the settlement

> and defense costs funded by Twin City and Hartford, and is further liable for costs
> incurred by ARP; in the alternative, Twin City and Ohio share pro-rata, based on the
> limits of coverage and, thereafter, Hartford and Ohio share pro-rata, based on the limits
> of coverage under their respective umbrella policies;... (doc.30).

(doc.94, p.3-4).

On December 20, 2004, plaintiffs and Ohio filed their cross Motions for summary judgment

seeking a declaration by this court of the rights and obligations of the parties under the Amerisure, Twin

City, Hartford, and Ohio policies (doc.60-61).

On January 10, 2005, the parties filed a Stipulation of Dismissal with prejudice as to Amerisure

(doc.73).  On January 14, 2005, a Judgment of Dismissal pursuant to Fed.R.Civ.P. 54(b) was entered

(doc.76).

On September 19, 2005, this court ruled on the cross Motions for summary judgment

(doc.94).  With regard to the Motions, this court noted that

> the undisputed facts presented establish that West contracted with ARP to indemnify
> ARP for any liability arising out of the work, and even for ARP's own negligence; that
> West promised to name ARP as an additional insured and did so by adding ARP as an
> additional insured under the Amerisure Primary Policy; and that West indemnified ARP
> utilizing and exhausting the limits of the Amerisure Primary Policy.  With no genuine issue
> of material fact in dispute, plaintiffs' Motion For Summary Judgment is GRANTED, in
> part, to the extent that this court finds that West did contract to indemnify ARP; and
> Ohio's Motion For Summary Judgment is DENIED, in part, on the issue of whether West
> contracted to indemnify ARP.

(doc.94, p.25), and that

> [i]nsofar as coverage under the Ohio Policy is precluded by the "no-action" provision
> contained within the Ohio Policy, and there is no genuine issue of material fact in dispute
> as to the issue, this court finds that Ohio's Motion For Summary Judgment, pertaining to
> the issue of indemnification coverage under the Ohio Policy, is GRANTED; and that
> plaintiffs' Motion For Summary Judgment on the issue is DENIED.  In light of this ruling,
> this court need not address the balance of the outstanding issues: Whether West is an
> indispensable party to the underlying Dumas/Stabler actions and this declaratory judgment
> action; whether the "cross suits exclusion" of the Ohio Policy excludes coverage; and

whether plaintiffs can recover defense costs from Ohio.  Further, this court need not
determine the layers of coverage of the party-insurers.

Id., p.32.  This court concluded that

> the Motion For Summary Judgment filed by plaintiffs Twin City..., [ARP], and Hartford
> ... (doc.61), be and is hereby GRANTED, in part, and DENIED, in part.  The Motion is
> GRANTED as to plaintiffs' contentions that the Agreement is an "insured contract" and
> thereunder West promised to obtain liability coverage naming ARP as an additional
> insured; and that pursuant to Section 18.2 of the Agreement, West promised to indemnify
> ARP's liability obligations.  The Motion is DENIED as to plaintiff's contention that the
> Ohio Policy provides indemnification coverage for ARP in the Dumas/Stabler actions.
>
> It is further ORDERED that the Motion For Summary Judgment filed by
> defendant Ohio Casualty Insurance Co. (doc.60), be and is hereby DENIED, in part, and
> GRANTED, in part.  The Motion is DENIED as to Ohio's contentions that West did not
> contractually assume ARP's liability in the Dumas/Stabler actions and no coverage exists
> based upon the Agreement.  The Motion is GRANTED as to Ohio's contention that the
> "no-action" provision in the Ohio Policy precludes coverage for the Dumas/Stabler
> actions.

Id., p.34.  Judgment was so entered (doc.95).

The Federal Rules of Civil Procedure allow a litigant, subject to an adverse judgment, to file

either a motion to alter or amend under Rule 59(e) or a motion seeking relief from judgment under Rule

60(b).  Wendy's Int'l v. Nu-Cape Construction, Inc., 169 F.R.D. 680, 684 (M.D.Fla. (Nov.14,

1009)).  Such a post-judgment motion may be treated as made pursuant to either Rule 59 or 60.  Mays

v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997).

> Whether a motion challenging a judgment on the merits should be considered as a motion
> to alter or amend, or as a motion for relief from judgment turns upon the time at which
> the motion is served.  If it is served within ten (10) days of rendition of the judgment, the
> motion should be considered as one to alter or amend, and if it is served after that time, it
> should be considered a motion for relief from judgment.

Wendy's Int'l, 169 F.R.D. at 684.  The ten-day time period "is mandatory and jurisdictional, and may

not be altered, waived, or amended by the court."  Id., at 685.  Herein, the Motions were expressly

brought pursuant to Rule 59(e), and were filed within ten days of Judgment.

The decision to alter or amend judgment "is committed to the sound discretion of the district judge." Lawson v. Singletary, 85 F.3d 502, 507 (11th Cir. 1996). A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision. Three grounds justifying reconsideration have been recognized: "1) an intervening change in the law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice." Wendy's Int'l, at 685 However, it is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Id. at 684. "[I]t is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Id. at 686.

Plaintiffs' Motion to Alter or Amend Judgment.

Plaintiffs contend that this court failed to address their alternative claim that "Twin City and Ohio share pro-rata, based on the limits of coverage and, thereafter, Hartford and Ohio share pro-rata, based on the limits of coverage under their respective umbrella policies" (doc.96, referring to docs.30, 94). Plaintiffs do not allege an intervening change in the law or the availability of new evidence. Plaintiffs present their contention based on an apparent need to correct clear error.

Plaintiffs' argue that rather than entitlement to Ohio coverage based on West's indemnity obligation to ARP, ARP is entitled to Ohio coverage as an "additional insured." Plaintiffs contend that this court failed to recognize this distinct avenue for coverage, i.e., that its "'additional insured' argument, does not depend upon a claim for indemnity by ARP against West." (doc.96, p.3) (emphasis in original). Plaintiffs claim that "[t]he [c]ourt made no distinction between the claims for coverage based on the indemnity obligation of West and the claims for coverage based on ARP's status as an additional insured." Id., p.3-4. Plaintiffs argue that the court "should dismiss only plaintiffs' claims for

coverage that are based on the indemnity agreement and only <u>without</u> prejudice to plaintiffs' right to pursue an indemnity action against West..." <u>Id</u>., p. 13.

     In support of their contentions, plaintiffs raise grounds and arguments previously presented to this court (compare doc.96, p.4- 5, 7-18 with docs.61-62, 65, 80, 84), with one exception.  Plaintiffs contend that the Ohio "no-action" provision applies only to the "Named Insured" [West] and not to an "additional insured" [ARP] (doc.96, p.6-7).

     Plaintiffs argument, however, does not alter the outcome.  As this court previously set out, the Ohio "no-action" provision provides that

> [t]here will be no right of action against us under this insurance unless:
>
>     1.  you have complied with all the terms of this policy; and
>
>     2.  the amount you owe has been determined by settlement with our consent or by actual trial and final judgment;
>
> This insurance does not give anyone the right to add us as a party in an action against you to determine your liability

(doc.94, p.12; doc.68, Ex.E, p.12 of 15, H).  Under the Ohio policy, "we," "us", and "our" "refer to the Company providing this insurance," i.e. Ohio, and "you" and "your" "refer to the Named Insured as defined in Insuring Agreement, V. DEFINITIONS" (doc.68, Ex.E, p.1of 15).  Under "DEFINITIONS" section "F," as plaintiffs point out,

> "Insured" means each of the following...:
>
> 1.  The Named Insured meaning:
>     a.  Any person or organization listed in Item 1. of the Declarations, and any Company of which you own more than 50%, as of the effective date of this policy[,]

and the only entity in Item 1, is West (doc.96, p.6 referring to doc.68, Ex.E, p.1).  Therefore, under the

Ohio Policy's "no-action" provision,

> [t]here will be no right of action against [Ohio] under this insurance unless:
>
>> 1. [West] ha[s] complied with all the terms of this policy; and
>>
>> 2. the amount [West] owe[s] has been determined by settlement with our consent or by actual trial and final judgment;...

The availability of an action against Ohio, depends in relevant part herein, on whether an amount West is determined to owe has been rendered by a settlement with Ohio's consent or by actual trial and final judgment. It does not depend on ARP's status as an additional insured.

> As this court noted:
>
>> Herein, the Ohio Policy's express "no-action" provision unequivocally precludes coverage ***until "settlement with [Ohio's] consent or by actual trial and final judgment***..." (doc.68, Ex.E, p.12 of 15). The undisputed facts presented indicate that neither condition has been met. The Dumas/Stabler actions did not proceed to trial, they were settled through mediation prior to trial without Ohio's consent. Thus, under the Eleventh Circuit's persuasive authority, <u>MacMillan-Bloedel [v. Fireman's Ins. Co. Of Newark]</u>, 558 F.Supp. 596 [(S.D.Ala. 1983)], and <u>USF&G [Ins. Co. v. St. Paul Fire and Marine Ins. Co.</u>, 1996 WL 33155570 (S.D.Ala.), <u>rev'd</u> doc.81, Ex.3, Mandate dated May 11, 1998] as well as the Alabama Supreme Court's authority, <u>Maness [v. Alabama Farm Bur. Mut. Cas. Ins. Co.]</u>, 416 So.2d 979 [Ala. 1982], this court finds that any liability coverage under the Ohio Policy is precluded by the "no-action" provision.

(doc.94, p.27).

Even substituting ARP as the additional insured for West in the "no-action" provision, does not alter the outcome, i.e.,

> [t]here will be no right of action against [Ohio] under this insurance unless:
>
>> 1. [ARP] ha[s] complied with all the terms of this policy; and
>>
>> 2. the amount [ARP] owe[s] has been determined by settlement with our consent or by actual trial and final judgment;...

The undisputed facts establish that the Dumas/Stabler actions were not settled with Ohio's consent, nor

was the amount owed determined by trial and a final judgment. Thus, the "no-action" provision precludes coverage.

Insofar as plaintiffs contend that this court failed to recognize the distinct avenues of coverage, i.e., through "additional insured" status as opposed to indemnity, this court notes that the "no-action" provision does not distinguish applicability via indemnity from applicability via "additional insured" status. Moreover, this court found "that **_any_** liability coverage under the Ohio Policy is precluded by the "no-action" provision" (doc.94,p.27) (emphasis added). Plaintiffs' Motion to Alter or Amend Judgment (doc.96) is denied.

Ohio's Motion to Alter or Amend Judgment.

In support of its Motion to alter or amend, Ohio does not allege an intervening change in the law or the availability of new evidence. Ohio bases its Motion on the alleged need to prevent manifest injustice (doc.97).

Ohio requests that this court alter or amend that portion of its ruling that grants plaintiffs' summary judgment motion on the issue of West's indemnity obligations to ARP (doc.97, referring to doc.94, p.18-26). Ohio contends that beyond finding that ARP's liability arose out of West's work as required by the indemnity Agreement, this court went further and found that "'West is obligated to indemnify ARP for its liability in the underlying Dumas/Stabler actions...'" (doc.97, quoting doc.94, p.23).

Ohio argues that whether West contractually agreed to indemnify ARP and whether West is required to indemnify ARP in the Dumas/Stabler actions are two separate questions, and that the court "cannot hold that West is obligated to indemnify ARP for its liability in the Dumas/Stabler actions...

because... West is not a party to this litigation." Id.  Ohio argues that the court's finding results in an

adjudication against West in absentia and deprives West of its opportunity to defend.  Id.

However, Ohio quotes this court's finding out of context.  This court's Order On Cross

Motions For Summary Judgment provides, in relevant part:

> It is undisputed that ARP and West executed the Agreement and that it was in full force
> and effect on October 15, 2002 (doc.77, ¶12; doc.68, Ex.K).  The validity of the
> Agreement as a contract is not in dispute.
>
> * * *
>
> This court finds that the undisputed facts establish that West contracted through
> the Agreement to name ARP as an additional insured, to obtain liability coverage, and to
> indemnify ARP from any and all claims, arising out of or related to the performance of
> West's work whether "caused, occasioned or contributed to by the negligence, sole or
> concurrent, of ARP" (doc.68, Ex.K, Art. 18.5).
>
> * * *
>
> This court, under its own persuasive precedent, Davis [Contractors & Engineers,
> Inc. v. Hartford Accident & Indemnity Co., 308 F.Supp. 792 (M.D.Ala. (Dec. 31,
> 1968))] and under the teaching of FabARC [Steel Supply, Inc. v. Composite Construction
> Systems, Inc., ___ So.2d ___, 2005 WL 1189588 (Ala. 2005)] finds that the express
> language of the Agreement provides for West to indemnify ARP's liability "arising out of
> or in any way related to the performance of Work by [West]."  Thus, it follows that
> under the Agreement West is obligated to indemnify ARP for its liability in the underlying
> Dumas/Stabler actions which arose out of West's work.  But for West's work, Dumas
> and Stabler would not have been in the vicinity of the tank when it ruptured.
>
> * * *
>
> Therefore, this court finds that the undisputed facts presented establish that West
> contracted with ARP to indemnify ARP for any liability arising out of the work, and even
> for ARP's own negligence; that West promised to name ARP as an additional insured
> and did so by adding ARP as an additional insured under the Amerisure Primary Policy;
> and that West indemnified ARP utilizing and exhausting the limits of the Amerisure
> Primary Policy.  With no genuine issue of material fact in dispute, plaintiffs' Motion For
> Summary Judgment is GRANTED, in part, to the extent that this court finds that West did
> contract to indemnify ARP; and Ohio's Motion For Summary Judgment is DENIED, in
> part, on the issue of whether West contracted to indemnify ARP.

(doc.94, p.18-25).  Thus, this court did not specifically find that West is obligated to indemnify ARP for

its liability in the Dumas/Stabler actions.  Rather, the court found that West contracted to indemnify

ARP, that West promised, and did name ARP as an additional insured under the Amerisure Policy, and

that West indemnified ARP exhausting the limits of the Amerisure Policy.  The "[t]hus, it follows..."

phrase simply introduces the logical progression of thought which immediately follows, it does not

announce or cue the reader that a finding follows.  Moreover, this court's concluding paragraph

(quoted immediately above) recaps the court's specific findings and it does not include a finding that

West is obligated to indemnify ARP.  Ohio's Motion to Alter or Amend Judgment is DENIED.

Accordingly, it is ORDERED that plaintiffs' Motion to Alter or Amend Judgment (doc.96), and

Ohio's Motion to Alter or Amend Judgment (doc.97), be and are hereby DENIED.

DONE this 14th day of November, 2005.


 S/Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE