IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TWIN CITY FIRE INSURANCE COMPANY, et al.,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) CIVIL ACTION 03-0264-WS-B ) |
| **AMERISURE INSURANCE COMPANY, et al.,** | ) ) ) ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the plaintiffs' motion to strike jury demand. (Doc. 90). Both the plaintiffs and defendant Ohio Casualty Insurance Company ("Ohio") have filed briefs in support of their respective positions, (Docs. 86, 89, 112, 114), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion to strike is due to be denied.

## BACKGROUND

As related by the Eleventh Circuit,[1] plaintiff Alabama River Pulp Company ("Pulp") contracted with non-party G.A. West & Co. ("West") to perform certain work on Pulp's site. Two West employees were badly injured in the course of this work and in separate lawsuits sued Pulp, which carried a primary policy with plaintiff Twin City Fire Insurance Company ("Twin City"), an excess policy with Twin City, and an umbrella policy with plaintiff Hartford Casualty Insurance Company ("Hartford"). West held a

---

[1]*Twin City Fire Insurance Co. v. Ohio Casualty Insurance Co.*, 480 F.3d 1254 (11th Cir. 2007).

primary policy issued by defendant Amerisure Insurance Company ("Amerisure")[2] and an excess policy issued by Ohio.

The plaintiffs filed this declaratory action to resolve the parties' respective insurance obligations. While the case was pending, the plaintiffs and Amerisure participated in a mediation that successfully resolved the underlying litigation, and the settlement amounts have been paid by the plaintiffs and Amerisure. These events resulted in a second amended complaint seeking both a declaration that Ohio share in the cost of the settlements and indemnity and/or equitable contribution from Ohio for those amounts. (Doc. 30). Ohio filed an answer asserting as an affirmative defense "that the amount and terms of the settlements of the underlying personal injury actions are unreasonable and were not made in good faith," (Doc. 34 at 5), and it timely demanded a jury trial on that issue. (Doc. 35). The plaintiffs argue that no jury trial is available.

## DISCUSSION

> We employ a two-part inquiry to determine the availability of a jury trial under the Seventh Amendment when a federal statute does not explicitly provide for a jury trial. ... First, we compare the nature of the issues to be resolved to "[eighteenth century] actions brought in the courts of England prior to the merger of the courts of law and equity." ... Second, we assess whether the remedy sought is legal or equitable in nature. ... The nature of the remedy sought is the more important inquiry in our analysis.

*Stewart v. KHD Deutz of America Corp.*, 75 F.3d 1522, 1525 (11th Cir. 1996) (quoting *Tull v. United States*, 481 U.S. 412, 417-18 (1987) and citing *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)). Although the test is framed in the context of a statutory cause of action, the plaintiffs recognize it as controlling here. (Doc. 89 at 12).

As to the first inquiry, the plaintiffs suggest that the reasonableness/good faith

---

[2]The claims against Amerisure have been dismissed with prejudice by agreement. (Doc. 76).

-2-

inquiry should render their suit analogous to one for specific enforcement of a settlement agreement. (Doc. 114 at 3-4). The plaintiffs, however, have not sufficiently developed this argument to allow its acceptance by the Court. As a threshold matter, they have not addressed the differences between a suit to specifically enforce a settlement agreement and their own suit, which differences may preclude a determination that the actions are analogous.[3] In a related vein, they have not discussed why their claim should not be viewed as more closely analogous to one traditionally brought in law, such as for breach of contract.[4] Nor have they shown that no jury would be available in a suit to specifically enforce a settlement agreement under the circumstances here presented.[5]

As to the second inquiry, the plaintiffs demand judgment "for a sum equivalent to the total amount paid in settlement of the Personal Injury Actions and for defense costs related thereto," along with incidental relief. (Doc. 30 at 7). Ohio argues (albeit without

---

[3] By way of illustration only, actions to enforce a settlement agreement ordinarily are brought by parties to the agreement against other parties to the agreement, and here Ohio was not a party to the settlement agreements. Moreover, "[s]pecific performance of a contract will not be ordered ... where there is an adequate remedy at law," *General Aviation, Inc. v. Aerial Services, Inc.*, 700 So. 2d 1385, 1387 (Ala. Civ. App. 1997), and it is not immediately apparent how a judgment awarding the plaintiffs a sum certain (representing the amount Ohio should have contributed to the settlement) would fail to provide an adequate remedy at law.

[4] The second amended complaint alleges that Pulp is an additional insured under the Ohio policy and that Twin City and Hartford are equitably subrogated to Pulp's rights under that policy. (Doc. 30 at 3, 7).

[5] According to the plaintiffs' single authority, no jury trial is available in federal court when there is a motion to enforce a settlement agreement reached in the same federal proceeding or when there is an action to enforce a settlement agreement reached in a previous federal proceeding. *Ford v. Citizens and Southern National Bank*, 928 F.2d 1118, 1120, 1121-22 (11th Cir. 1991). Here, the agreement settling the injured workers' claims — which the plaintiffs now seek to enforce against Ohio — was reached in state court proceedings. (Doc. 30 at 4-5). The plaintiffs have not attempted to show that federal law governing suits to specifically enforce settlement agreements denies a jury trial in such a situation.

authority or analysis) that this is tantamount to a "claim for damages," (Doc. 86 at 6), in tacit recognition of the proposition that "[c]ompensatory damages are the classic form of legal relief." *Waldrop v. Southern Company Services, Inc.*, 24 F.3d 152, 156 (11th Cir. 1994).

There are situations in which an award of money will be considered equitable relief rather than legal for purposes of the second step in the Seventh Amendment analysis. These "exception[s] to the general rule" include, at least: (1) payment in the form of restitution; and (2) payment that is incidental to, or intertwined with, injunctive relief. *Terry*, 494 U.S. at 570-71. Restitution, however, "is limited to restoring the status quo and ordering the return of that which rightfully belongs to the purchaser or tenant," *Tull*, 481 U.S. at 424, and the complaint does not ask Ohio to return any monies that Ohio received from the plaintiffs; payment by Ohio would not restore any previously existing condition. Because the plaintiffs seek no injunctive relief, the second *Terry* exception is unavailable. The plaintiffs have not articulated or supported any other theory under which the monetary award they seek in this case can be construed as equitable rather than legal relief.

The plaintiffs do cite several cases for the proposition that (under circumstances not exactly mimicking those in this case) no right to trial by jury exists as to whether a settlement was made in good faith and/or was reasonable in amount. (Doc. 89 at 13). It does not appear, however, that any of these authorities reached this conclusion by applying the *Stewart* test.[6]

The Court recognizes that application of the *Stewart* test to Ohio's affirmative defense may prove difficult. Nevertheless, the plaintiffs acknowledge that the test controls, and they cannot prevail on a motion to strike without effectively addressing that

---

[6]Most of the cases were decided by reference to state constitutional provisions, not the Seventh Amendment, and most did not involve an effort to require a defendant to pay money to a plaintiff.

test.  Nothing in this order precludes them from making a second such attempt.  Should they, on subsequent motion, make an adequate showing that no jury trial is available, any failure by Ohio to offer an effective rebuttal will be construed as a concession that no such rebuttal exists.

For the reasons set forth above, the plaintiffs' motion to strike jury demand is **denied**.

DONE and ORDERED this 29th day of November, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE